## EHRMAN v BAYER et

Ohio Appeals, 9th Dist, Lorain Co

No 949. Decided March 11, 1940

Wm. A. Miller, Amherst, for appellee.
Levin & Levin, Lorain, for appellant.

## OPINION

By WASHBURN, PJ.

Two cases in the Court of Common Pleas were consolidated and tried, and the controversy involved in those cases is now before this court on appeal on questions of law and fact.

Adam and Mary Miller were the owners of real estate, which was subject to a mortgage made by a former owner to the Amherst Park Bank Co., and there was also a judgment lien against the property in favor of John Niemiec, which lien was subsequent to said mortgage.

The bank company brought suit to foreclose its mortgage, but did not make said judgment lienholder a party defendant.

While that suit was pending, C. J. Ehrman purchased said property from Adam and Mary Miller. The purchase was not of the equity of redemption as such or eo nomine, and in such purchase Ehrman did not agree with the Millers to pay the mortgage; and at that time none of said parties knew of the judgment lien.

Ehrman paid to the Millers $225

for the property, the deed reciting that the title to the property was taken subject to said mortgage; and thereafter Ehrman paid said mortgage, which was cancelled of record, and the foreclosure suit was dismissed.

Then, during the same term of court, a suit was brought to foreclose said judgment lien. The bank thereupon asked that said foreclosure suit be reinstated. That was done, and said two foreclosure suits were consolidated, and amended pleadings were filed, asking that said mortgage be treated as still in force, that the property be sold, and that said mortgage be declared a lien prior to said judgment lien.

The Common Pleas Court substituted Ehrman for said bank company, and granted the relief sought.

We have read the record and reached the conclusion that the facts in the case are such as bring it within the general rule announced in **Joyce v Dauntz, 55 Oh St 538**, and not within the exception where a purchaser buys the naked equity of redemption as such and pays for nothing more; nor where one assumes the payment of a mortgage debt and receives a corresponding reduction in the purchase price and becomes the principal debtor.

A decree may be drawn the same as in the Common Pleas Court, and the cause remanded to that Court for execution.

DOYLE, J. and STEVENS, J., concur.